UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LINDA CLARK,

    Plaintiff,

v.                                                             Case No. 05-71611

JO ANNE B. BARNHART,                   Honorable Patrick J. Duggan
COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
_____/

## OPINION AND ORDER

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on June 21, 2006.

PRESENT:         THE HONORABLE PATRICK J. DUGGAN
                       U.S. DISTRICT COURT JUDGE

### I. Introduction

On August 8, 2005, Plaintiff Linda Clark ("Clark") filed suit pursuant to 42 U.S.C. § 405(g), requesting that the Court reverse the Defendant Commissioner's denial of Clark's application for Social Security disability insurance benefits. Presently before the Court are the parties' Motions for Summary Judgment. For the reasons set forth below, this matter shall be remanded to the Administrative Law Judge.

### II. Background

On July 23, 2001, Clark applied for Social Security disability insurance benefits. She alleged that she had become disabled and unable to work since January 31, 1999, due to

"migraine headaches, fibromyalgia, osteoarthritis, rheumatoid arthritis, [and] bulging disc L4-L5." (Tr. 53).  Benefits were denied initially on October 2, 2001.  On June 19, 2003, a *de novo* hearing was held before Administrative Law Judge ("ALJ") Douglas N. Jones.  The ALJ determined that Clark was able to perform her past work, and was therefore not disabled.  Subsequently, the Appeals Council denied Clark's request for review of the ALJ's decision.

After the Appeals Council denied review, Clark filed this action seeking judicial review of the denial of benefits.  Clark argued that the ALJ's decision was not supported by substantial evidence because: (1) the ALJ failed to form a proper hypothetical that accurately portrayed her impairments; (2) the ALJ erred as a matter of law in assessing Plaintiff's Residual Functional Capacity; (3) the ALJ improperly assessed Plaintiff's credibility; and (4) the ALJ erred as a matter of law in evaluating the opinions of physicians of record.  Both parties filed Motions for Summary Judgment.  The matter was referred to Magistrate Judge Wallace Capel, Jr., who issued a Report and 2Recommendation ("R&R") on April 20, 2006.  Magistrate Judge Capel concluded that the ALJ's determination of Clark's credibility was not based on substantial evidentiary support and recommended that the Court deny Defendant's Motion for Summary Judgment, grant Plaintiff's Motion in part, and remand the case for further proceedings, in order for the ALJ to "properly assess credibility pursuant to 20 C.F.R. § 404.1529(c)(3)."

On May 3, 2006, Defendant filed a timely objection to the R&R.  Therefore, this Court reviews *de novo* those portions of the R&R that Defendant finds objectionable.  *See* 28 U.S.C. § 636(b)(1)(C); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).

II. Discussion

Defendant objects to the Magistrate Judge's finding that the ALJ's credibility finding was flawed because the ALJ relied solely on the absence of medical evidence to find that Clark was not disabled by headaches. Specifically the ALJ found that the medical evidence "documents no symptoms that remotely approach her testimony as to the severity or duration of her pain and other limitations." (Tr. 21).

The ALJ's credibility finding is entitled to great deference so long as reasons for discrediting the defendant's testimony are reasonable, and are supported by substantial evidence on the record. *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 476 (6th Cir. 2003). The substantial evidence standard of review, as prescribed in § 405 (g) of the Social Security Act, 42 U.S.C.S. § 405(g), requires more than a mere scintilla, but rather, such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971).

In *Duncan v. HHS*, 801 F.2d 847 (6th Cir. 1986), the Sixth Circuit formulated a two-part test for evaluating a claim of disabling pain. First, there must be evidence of an underlying medical condition. *Id.* at 863. Next, there must be either objective medical evidence confirming the severity of the alleged pain, or the objectively determined medical condition must be of such a severity that it can be reasonably expected to produce the alleged pain. *Id.* However, as Defendant acknowledges, a claimant's statements about intensity and persistence of pain or other symptoms will not be rejected solely on the basis of lack of objective medical evidence supporting such statements. 20 C.F.R. § 416.929(c)(2); *see also Allen v. Califano*, 613 F.2d 139, 147 (6th Cir. 1980) (holding that denial of claimant's benefits not supported by substantial evidence because of failure to adequately address claimant's subjective complaints of pain).

Rather, as 20 C.F.R. § 404.1529 (c)(3) provides, the following factors are to be considered in determining disability based on subjective complaints:

>    1. The individual's daily activities;
>    2. The location, duration, frequency, and intensity of the individual's pain or other symptoms;
>    3. Factors that precipitate and aggravate the symptoms;
>    4. The type, dosage, effectiveness and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms;
>    5. Treatment, other than medication, the individual receives or has received for relief of pain or other symptoms;
>    6. Any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g. lying flat on his or her back, standing for 15 minutes to 20 minutes every hour, or sleeping on a board); and
>    7. Any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms.

If the ALJ does determine that the claimant's symptoms are not credible, he must clearly state his reasons for doing so. *Felisky v. Bowen*, 35 F.3d 1027, 1036 (6th Cir. 1994) (citing *Auer v. Sec'y of Health and Human Servs.*, 830 F.2d 594, 595 (6th Cir. 1987)). Furthermore, for the purposes of appellate review, it is essential that the ALJ articulate his reasons for rejecting or crediting a particular source of evidence. *Hurst v. Sec'y of Health and Human Servs.*, 753 F.2d 517, 519 (6th Cir. 1985).

For example, in a case where the ALJ did not articulate reasons for rejecting a disability claimant's testimony regarding type, dosage, and frequency of medication taken, the reviewing court determined that the "substantial evidence" threshold was not met. *Wines v. Comm'r of Soc. Sec.*, 268 F. Supp. 2d 954, 957 (N.D. Ohio 2003). Similarly, when an ALJ relied only on objective medical evidence, and did not address claimant's testimony regarding missed work, need for frequent position changes, and severity of joint pain, the reviewing court found that his denial of benefits was not based on substantial evidence. *Ridge v. Barnhart*, 232 F. Supp. 2d 775,

790-91 (N.D. Ohio 2002).

In this case, Defendant asserts that the ALJ did not solely base his rejection of Clark's allegations of disabling headaches on a lack of objective medical findings, but instead properly considered several other factors which are listed in the regulations, including Plaintiff's prior work record, statements from Plaintiff's physicians about her headaches, precipitating and aggravating factors of her alleged headaches, and treatment and measures to alleviate the alleged pain.

The ALJ considered the opinions of Drs. Gross and Friedman (Tr. 19), non-treating physicians who reviewed the claimant's case. These physicians concluded, based on a review of Clark's history of and treatment for migraine headaches, that she should be able to perform her job duties as an insurance adjuster (Tr. 93-96). The ALJ also considered statements from Dr. Tarakji, Clark's treating neurologist, who documented in October, 2002, that Clark's headaches had significantly improved. (Tr. 18, 340). The ALJ found this report to negatively impact on Clark's credibility as to the severity of her symptoms. (Tr. 18).

The ALJ properly considered the above physicians' opinions in determining the credibility of the complaints. 20 C.F.R. § 404.1529(c)(3) (referring to 20 C.F.R. § 404.1527 for further guidance as to how to weigh such opinions in this context). However, the Defendant is incorrect in asserting that consideration of such opinions is sufficient to equal consideration of the individual factors listed in 20 C.F.R. § 404.1529 (c)(3). The Defendant relies on the fact that the medical records indicate that Clark informed the physicians of her aggravating and precipitating factors, treatment, and measures taken to alleviate the alleged pain. The Defendant asserts that because the ALJ noted the physicians' doubts as to Clark's credibility, that the ALJ considered these factors. However, Clark offered specific evidence regarding impact on her daily activities,

5

side effects and effectiveness of medication, and factors precipitating and aggravating her pain. For example, Clark testified regarding her "headache hangovers," which were attributed to side effects of her medications. (Tr. 398-401). These longer duration headaches were noted by her treating physician, Dr. Lum, on several occasions. (Tr. 324, 336). Similarly, Clark testified that one of her preventative medications, Elavil, "pretty well whacks me out where the next day I'm just groggy." (Tr. 401).

In order for the ALJ's credibility determination to be based on substantial evidence, he must articulate his reasons for the determination, *Felisky*, 35 F.3d at 1036, and must articulate his reasons for crediting or rejecting a particular source of evidence, *Hurst*, 753 F.2d at 519. Therefore, a general statement regarding acceptance of the physicians' reports, as the ALJ provides here, does not meet the substantial evidence standard.

The Defendant argues that Clark's precipitating and aggravating factors were specifically addressed by the ALJ, when he noted that Dr. Taylor had suspected that some of the Plaintiff's headaches were due to chronic use of medication. (Tr. 18, 240). However, this evaluation occurred in 1996, three years prior to Clark's claim of onset of disability. Further, this only indicates that the ALJ addressed one particular aggravating factor. At the time of the disability claim, Clark was treated with a different medication, which she claims alleviated some symptoms, but increased others, causing a "headache hangover." (Tr. 398-99). Regardless of whether we characterize these "headache hangovers" as side effects of medication, or as an aggravating factor, they are the type of factor which should be considered according to 20 C.F.R. § 404.1529 (c)(3) . The fact that the ALJ referred to a factually different side effect, which happens to fall under the same category as another factor which the plaintiff offers as evidence does not relieve the ALJ of

6

the need to articulate his reasons for rejecting the source of evidence as to the "headache hangovers." *See Hurst*, 753 F.2d at 519.

Defendant also asserts that the ALJ properly considered Clark's work history in making his credibility determination. *See* 20 C.F.R. § 404.1529(c)(3) (prior work record is relevant when assessing credibility of subjective complaints of pain and limitation). The ALJ noted that although Clark complained of thirty years of headaches to Dr. Lum, her treating physician, she had been able to work for many years with the headaches. In support of the argument that this demonstrates sufficient consideration of prior work history by the ALJ, Defendant cites *Crisp v. Secretary of Health and Human Services,* 790 F.2d 450 (6th Cir. 1986). In *Crisp*, the Sixth Circuit, in reviewing an ALJ's determination that plaintiff disability applicant's complaints of pain were not credible noted that "Crisp thus had 15 years of steady work after the onset of a nervous condition and while experiencing headaches." 790 F.2d at 452. The *Crisp* decision, however, does not cite this work history as being determinative of credibility, to the exclusion of all other factors. Furthermore, the Social Security Administration regulations themselves do not suggest that an ALJ may only consider favorable work history in weighing the credibility of claimant testimony. *Schaal v. Apfel*, 134 F.3d 496, 502 (2d Cir. 1998) (citing SSR 96-7p, 61 Fed. Reg. 34,483 at 34,486 (1996)). Although the ALJ certainly may take work history into account in evaluating claimant's credibility, the ALJ may not exclude all other evidence presented by the plaintiff, without articulation of his reasons for doing so.

In summary, it appears that the ALJ's decision is based primarily on lack of objective medical evidence, and therefore is not supported by substantial evidence.

### III. Conclusion

Having reviewed the R&R and objections thereto, this Court concurs with the recommendations of Magistrate Judge Capel.

Accordingly,

**IT IS ORDERED** that Defendant's Motion for Summary Judgment is Denied.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment is **GRANTED IN PART**, and this case shall be **REMANDED** for further proceedings.

s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Copies to:

Timothy J. Simon, Esq.
Janet L. Parker, AUSA